Idsdet, J.
This is the second time this case comes before this Court; the first appeal, reported in 14th Annual, p. 362, having been taken by the plaintiff from a judgment against him, and the last, by both parties from a verdict and judgment in favor of the plaintiff and against the defendant, for the sum of one hundred thousand dollars.
This Court, in its opinion rendered on the first appeal, considered the action as one “for the recovery of lands and slaves, alleged as being in the defendant’s possession by virtue of a simulated sale from Silas Lillard,” of whose vacant succession the plaintiff is the curator, and the Court said that the prescription of one, five, and ten years did not bar the action, which was en declaration de simulation.
The defendant contends that the Court misapprehended the true nature or character of the plaintiff’s action; that it was not one for the property, or to have the sale attacked, declared a simulation, but one in which a money-judgment exclusively is prayed for, and that the action is a mere personal one, or one sounding in damages.
By the decree of this Court in the first appeal, the case was simply remanded to the District Court for a new trial, the Court below being *170 instructed to apply certain legal principles; but nothing in this decree precluded a re-examination of all questions presented which are still open. Marigny v. The Union Bank, 5th Rob. 366, and also, in 12 Rob. 283; Pepper v. Dunlap, 5 An. 200; Millaudon v. Davis, 17 An. 97; Marcadé, Vol. 5, 386.
In order to determine the character of an action resort must be had to the prayer in the petition for judgment. 10 La. 109; 1 Rob. 109; 10 An. 157; and also the prescription applicable to it. 12 An. 357, and 13 An. 609.
The action en declaration de simulation is an action to have a contract declared judicially a simulation and a nullity, to remove a cloud from the title, and to bring back, for any legal purpose, the thing sold to the estate of the true owner. It is essentially one in revendication and never of condition. The present action, tested by the prayer of the petition, lacks the essential features of an action eh declaration de simulation. The prayer does not ask that the sale be declared simulated and null, it only asks for money, the value of Dillard’s property alleged to be held by simulated title, by Ballard since 1840.
The action en declaration de simulation might have been resorted to by the plaintiff for the largest part (more than 19-20 of the whole property) as that was in the possession of Ballard and of Mrs. Lillard, his alleged particeps fraudis, when this suit was brought, for the plaintiff says that a considerable portion of the lands, which he values at §132,000, was conveyed by Ballard to her without any consideration, as her part of the spoils, and to seal her lips. To that part of the lands, conveyed by Lillard to Ballard in detached parcels, which Ballard sold to Mrs. Lillard, the vendor, Lillard, never had any title at all, for in his act of sale to Ballard, the title is stated to be in the United States, against whom no perscription lies.
Whether that circumstance caused the resort to the present action for a money-judgment is perfectly immaterial. Our action is confined to the case as it is now presented to us; and we deem the pleas of prescription, under the pleadings, a bar to the plaintiff’s present action, which we deem a personal one, if not one for danrages. See articles 3501 and 3508. O. O.
A suit growing out of the sale from Lillard to Ballard, passed on 28 th April, 1840, had been instituted by the present plaintiff against the defendant; but that suit did not interrupt prescription, as it was voluntarily discontinued by the plaintiff. C. C. 3485; Denniston v. Rist, 9 An. 464; Smith v. Gibbons, 6 An. 684.
It is therefore ordered, adjudged, and decreed that the verdict of the jury be set aside, and the judgment of the District Court annulled, avoided and reversed; and it is futher ordered, adjudged and decreed, that judgment be and it is hereby rendered in favor of the defendant, Rice O. Ballard, or his succession, and against the plaintiff and the vacant succession of Silas Lillard, and that the said vacant succession pay all costs of suit in both courts.